# Exhibit B



# UNITED STATES OF AMERICA
## U.S. Department of Justice
United States Attorney's Office, Western District of Michigan

### CIVIL INVESTIGATIVE DEMAND – Documentary Material

To: Christine Shellenbarger
11769 Bell Road
Clarksville, MI 46582

CID No.: WDMI-CID-25-0031

USAO No.: 2024V00319

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations of, *inter alia*, the submission of false claims by Stacy Boersen (d/b/a New Heights Farms I d/b/a Great lakes Grain) and Nicholas Boersen aka Nick Boersen (d/b/a New Heights Farms II) to crop insurance companies for multi-peril crop insurance covered by the Federal Crop Insurance Corporation.

**YOU ARE REQUIRED** to produce the following documentary material: **SEE ATTACHMENT.**

**Date of Production:** 5/5/2025
9:00 a.m.

**Place of Production:** Office of the United States Attorney
330 Ionia NW, Suite 501
Grand Rapids, MI 49503

**Special Instructions:** The documentary material may be mailed to Carrie Almassian, AUSA, Office of the United States Attorney, 330 Ionia Ave. NW, Suite 501, Grand Rapids, MI 49503. If you have any questions, you may contact AUSA Carrie Almassian at (616) 808-2028.

---

### IN TESTIMONY WHEREOF

The undersigned official of the U.S. DEPARTMENT
OF JUSTICE issues this demand.

Digitally signed by RYAN COBB
Date: 2025.04.02 15:03:31 -04'00'

*Ryan D. Cobb, Civil Division Chief*
Issued under the authority of the United States Attorney,
31 U.S.C. § 3733, Civil Division Directive No. 1-15(d)

| | |
|---|---|
| Failure to comply with the requirements of this subpoena will render you liable to proceedings in U.S. district court to enforce the subpoena and to punish default or disobedience. | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY<br>Carrie Almassian<br>Assistant United States Attorney<br>330 Ionia NW, Suite 501<br>Grand Rapids, MI 49503<br>(616) 456-2404 |

## PROOF OF SERVICE

| | |
|---|---|
| CID NO. | USAO NO. |
| WDMI-CID-25-0031 | 2024V00319 |
| SERVED (DATE) | PLACE OF SERVICE |
| 4/3/25 | 11769 Bell Road<br>Clarksville, MI 46582 |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE (PERSONAL DELIVERY OR CERTIFIED/REGISTERED MAIL) |
| Christine Shellenbarger | Certified mail, Return Receipt Requested |
| SERVED BY (PRINT NAME) | TITLE |
| Megan Lewis | Legal Assistant |

## DECLARATION OF SERVER

I, an employee of the United States working under the direction and supervision of the Assistant United States Attorney identified on the face of this document in connection with a False Claims Act investigation, certify that I served an executed copy of the civil investigative demand listed above. I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in this Proof of Service is true and correct.

Executed on  4/3/25
DATE

MEGAN LEWIS
Digitally signed by MEGAN LEWIS
Date: 2025.04.03 08:09:00 -04'00'
SIGNATURE OF SERVER

The Law Building

330 Ionia Ave. NW, Ste. 501

Grand Rapids, MI 49503
ADDRESS OF SERVER

## CID No. WDMI-CID-25-0031
## Documentary Material Request Instructions

1. These requests apply to all documentary material in your possession, custody, or control regardless of their location and regardless of whether such documents are held by your attorneys, consultants, accountants, investigators, representatives or agents, or any other person acting on your behalf.

2. These requests are continuing in nature. If you become aware of or acquire possession, custody, or control of additional responsive documents, you shall immediately notify the False Claims Act custodian in this case, AUSA Carrie Almassian, and promptly produce such additional documents for inspection and copying.

3. If any documents are withheld based upon a claim of privilege, work product doctrine, or any other protection from discovery:

   a. identify the document in writing;

   b. state the privilege(s), work product doctrine(s), or other protection(s) from discovery relied upon for withholding the document; and

   c. state all facts supporting the claim of privilege(s), work product doctrine(s), or other protection(s) from discovery.

4. Identify all responsive documents that have been lost, discarded, or destroyed. In so doing, state the type of document, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof.

5. Documentary material and information produced in response to these requests should be produced in the manner and form specified in the attached **Specifications for Production of Information (ESI and Digitized Images)**.

6. <u>Cover Letter</u>. Each document production must be accompanied by a cover letter addressed to the False Claims Act custodian in this case, AUSA Carrie Almassian, that identifies the Civil Investigative Demand to which the production is responsive. The cover letter should (1) describe what is produced, by custodian and box number (if hard-copy documents) or image file ranges (if image files); and (2) identify where documentary material or information responsive to each request can be found, by box number (if hard-copy documents) or image file ranges (if image files).

## CID No. WDMI-CID-25-0031
### Definitions

1. "And," "or," and "and/or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these document requests any information which might otherwise be construed as outside their scope.

2. "New Heights Farms I" refers to the entity as well as any corporate predecessors and successors, affiliates, subsidiaries, parent companies, or entities, and their divisions, affiliates, owners, officers, directors, employees, agents, and representatives, including without limitation Stacy Boersen and Nicholas Boersen.

3. "New Heights Farms II" refers to the entity as well as any corporate predecessors and successors, affiliates, subsidiaries, parent companies, or entities, and their divisions, affiliates, owners, officers, directors, employees, agents, and representatives, including without limitation Stacy Boersen and Nicholas Boersen.

4. "Communication" means any transmission or exchange of information between two or more persons orally or in writing and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, electronic media (including e-mail), or other media, whether by chance or design.

5. "Documentary material," "document," or "documents" shall mean all writings, recordings, papers, tangible things, or electronically produced or stored matters of any kind whatsoever, including but not limited to all originals and non-identical copies or reproductions of all records, paper, communication, tabulation, chart, diaries, appointment books, calendars, schedules, journals, notes, memoranda, reports, minutes, notices, charts, graphs, tables, bulletins, financial statements, balance sheets, asset lists, ledgers, letters, correspondence of any kind, contracts, agreements, negotiable instruments, time records, bills, invoices, pay slips, notepads, notebooks, postcards, telegrams, facsimiles, telexes, films, microfilms, photographs, videotapes, slides, motion pictures, diagrams, models, drawings, recordings, tapes, transcriptions, books, publications, phone records, electronic mail, voicemail, computer files (or any other information or data compilations stored in or accessible through computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations), and other things, whether prepared by handwriting, printing, typing, photostating, photographing, electronic recording, or any other means of recording, communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof.

6. "Referring to," "relating to," "pertaining to," or "refer or relate" shall mean consisting of, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the matter discussed.

7. "You" or "your" shall mean Christine Shellenbarger and any person acting on behalf of you, including, but not limited to, attorneys, consultants, accountants, representatives, or agents.

8. The singular and plural forms of any word shall be construed interchangeably so as to bring within the scope of these document requests any information which might otherwise be construed as outside their scope.

## CID No. WDMI-CID-25-0031
### Documentary Material Request

You are required by this Demand to produce all of the following documents in your possession, custody, or control, for the time period January 18, 2018, through the present, unless otherwise specified:

1. All communications between you and Stacy Boersen, Nicholas Boersen, and Dennis Boersen related to crop insurance administered by the Federal Crop Insurance Corporation. Such communications include, but are not limited to, letters, memorandums, emails, voice mail messages, and text messages between you and Stacy Boersen, Nicholas Boersen, and/or Dennis Boersen, including without limitation any emails to or from the CShell58@hotmail.com email account.

2. All communications between you and Dennis Boersen, Stacy Boersen, and Nicholas Boersen related to Dennis Boersen, Stacy Boersen, and Nicholas Boersen conducting farming operations on farm property leased under the names of Great Lakes Grain, New Heights Farms I, and New Heights Farms II. Such communications include, but are not limited to, letters, memorandums, emails, voice mail messages, and text messages between you and Janelle Warnemuende (in her capacity as an insurance agent), Dennis Boersen, Stacy Boersen, and/or Nicholas Boersen, including without limitation any emails to or from the CShell58@hotmail.com email account.

You must make this material available to AUSA Carrie Almassian, who has been designated as a False Claims Act custodian in this case.

These documents shall be produced on or before **May 5, 2025**, at the Office of the United States Attorney, 330 Ionia Ave. NW, Suite 501, Grand Rapids, MI 49503, or at another location mutually agreed upon by yourself and AUSA Carrie Almassian. The production of documentary material in response to this Demand must be made under a declaration of compliance in the form printed in this Demand.

## CID No. WDMI-CID-25-0031
## Declaration of Compliance
(Documentary Material)

      I have responsibility for producing the documentary material required by Civil Investigative Demand No. WDMI-CID-25-0031. I hereby certify that all the documentary material required by the Civil Investigative Demand and in the possession, custody, or control of the person to whom the Demand is directed has been produced and made available to the false claims law investigator or custodian identified in the Demand.

      If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

      I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on: _____        _____
                Date                                                    Signature

                                                            _____
                                                             Title