UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE SHELLENBARGER,

    Petitioner,

v.

    Case No. 1:25-mc-77

    HON. JANE M. BECKERING

UNITED STATES ATTORNEY'S OFFICE
FOR THE WESTERN DISTRICT OF
MICHIGAN,

    Respondent.
_____/

## OPINION AND ORDER

Petitioner Christine Shellenbarger is currently a subject of a criminal investigation by Respondent United States Attorney's Office for the Western District of Michigan involving the matters covered by Civil Investigative Demand No. WDMI-CID-0031 ("the CID"), which requires Petitioner to produce certain documents. Pursuant to 31 U.S.C. § 3733(j)(3)(A), Petitioner, who is asserting her privilege against self-incrimination under the Fifth Amendment of the United States Constitution, filed this petition to set aside the CID (ECF No. 1). Respondent filed a response in opposition (ECF No. 8). The matter was referred to the Magistrate Judge. Following oral argument, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 11), recommending that this Court conditionally grant the petition, subject to Petitioner's assertion of the privilege on a document-by-document basis. The matter is presently before the Court on the parties' objections. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made.  The Court denies the objections and closes this case.

As described by the Magistrate Judge, the central question presented in this matter is whether Petitioner's Fifth Amendment privilege applies to certain emails from Petitioner's personal email account.  In its objections, Respondent argues that the Magistrate Judge erred in concluding that production of the requested emails would be testimonial (ECF No. 12 at PageID.70).  Specifically, Respondent challenges the Magistrate Judge's determination that Respondent's knowledge that Petitioner uses her email for aspects of her business "does not demonstrate that she uses the email account for all aspects of her business, including communications with her clients" (*id.* at PageID.72, quoting R&R, ECF No. 11 at PageID.68).  Respondent asserts that the records show that Petitioner exclusively used her personal email account for business correspondence and did not list or use any alternative email address in connection with the relevant business matters (*id.*).

Respondent's objection merely reiterates the same argument the Magistrate Judge thoroughly considered and rejected, without demonstrating any factual or legal error by the Magistrate Judge.  As Petitioner points out in response, Respondent has knowledge that she used the identified e-mail address for at least *some* business purposes but does not have independent knowledge that she used the e-mail address to communicate with clients, much less that she used it to communicate with the specified individuals about the specified topics (ECF No. 14 at PageID.85).  As Petitioner opines, in identifying the emails, she would be turned into "the primary witness against herself" (*id.* at PageID.86, referencing *United States v. Fox*, 721 F.2d 32, 38 (2d Cir. 1983) ("[T]he government is attempting to compensate for its lack of knowledge by requiring Dr. Fox to become the primary informant against himself.")).

Petitioner, in turn, objects to the production of a privilege log, or any other information regarding any responsive documents, to the government, although Petitioner is willing to comply with an order that requires in camera review by the Court (ECF No. 13 at PageID.77–78). Petitioner indicates that she "does not believe that production of a privilege log constitutes a waiver of the act of production privilege under the Fifth Amendment," but she lodges her objection in an abundance of caution (*id.* at PageID.78). Petitioner's objection is also properly denied. For the reasons stated more fully by the Magistrate Judge, the petition is conditionally granted and Petitioner is not required to produce the documents at issue to Respondent; however, Respondent is entitled to a privilege log to assess Petitioner's claim of privilege. The mere production of the log itself is insufficient to demonstrate waiver. Rather, the law expressly contemplates the use of this mechanism in litigation, *see*, *e.g.*, FED. R. CIV. P. 26(b)(5)(A)(*ii*), and its use is appropriate in the circumstances of this particular case. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 12 & 13) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 11) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition to Set Aside Civil Investigative Demand (ECF No. 1) is CONDITIONALLY GRANTED, subject to Petitioner's assertion of the privilege on a document-by-document basis, as reflected in a privilege log provided to Respondent. Production of the log shall not constitute a waiver of Petitioner's claim of privilege against self-incrimination.

This case is CLOSED.

Dated: September 12, 2025                              /s/ Jane M. Beckering
                                                       JANE M. BECKERING
                                                       United States District Judge